UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUSSELL HANKINS,  Civil Action No.: 16-13845
                                              Honorable Matthew F. Leitman
          Plaintiff       Magistrate Judge Elizabeth A. Stafford

v.

JOHN WOODWARD and
MARK TENNISWOOD,

          Defendants.

_____/

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AND DENY
PLAINTIFF'S MOTION FOR PERMANENT INJUNCTION
[ECF NOS. 19, 24]**

## I.    INTRODUCTION

Plaintiff Russell B. Hankins, a *pro se* prisoner confined with the Michigan Department of Corrections (MDOC), sues Assistant Resident Unit Supervisor John Woodard and Corrections Officer Mark Tenniswood, complaining that Woodard wrongfully revisited the sanction imposed for a misconduct ticket, imposing a penalty of five-days top lock and seven-days loss of privileges. [ECF No. 1, PageID 46]. Hankins alleges that, during the period of the lost privileges, he lost pay from his tutoring position, and that Tenniswood was responsible for making sure that inmate payroll was

correct. [*Id.*, PageID 47]. His complaint, filed under 42 U.S.C. § 1983, alleges that Woodard and Tenniswood violated his First, Eighth and Fourteenth Amendment rights by acting with deliberate indifference, denying him reasonable due process and free speech, acting with bias, and failing to follow MDOC policy. [*Id.*].

Woodward and Tenniswood move for summary judgment, arguing that Hankins failed to exhaust his administrative remedies, that Hankins' claims are without merit as a matter of law, and that they are entitled to qualified immunity. [ECF No. 19]. The Court agrees that Hankins' claims lack merit and that they are entitled to qualified immunity, and thus recommends **GRANTING** defendants' motion for summary judgment. Because Hankins' motion for preliminary injunction does not evidence that he is likely to succeed on the merits, that motion should be **DENIED.**

## II. ANALYSIS

Federal Rule of Civil Procedure 56 provides that "[t]he Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-57 (1986); *Pittman v. Cuyahoga County Dep't of Children & Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011). The party seeking summary

judgment bears the initial burden of informing the court of the basis for its motion, and must identify particular portions of the record that demonstrate the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009).

If the movant satisfies its burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial. *Celotex*, 477 U.S. at 324; *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001). In deciding a summary judgment motion, the Court must view the factual evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88(1986); *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 249.

### A.

The Prison Litigation Reform Act ("PLRA") requires prisoners to "properly" exhaust all "available" administrative remedies prior to filing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford v.*

*Ngo*, 548 U.S. 81, 88-90, 93 (2006). Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court and produces a useful administrative record. *Jones v. Bock*, 549 U.S. 199, 204 (2007). When feasible, the Court will decide exhaustion disputes before addressing the merits of the claims. *See Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014). A dismissal for failure to exhaust administrative remedies, even when decided on summary judgment, is without prejudice. *Boyd v. Corr. Corp. of America*, 380 F.3d 989, 994 (6th Cir. 2004). The PLRA requires "proper exhaustion," *Woodford v. Ngo*, 548 U.S. 81, 93 (2006), but the Act does not define what "proper exhaustion" entails. "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones*, 549 U.S. at 218.

Here, Hankins admits in his complaint that he "did not present the current facts in the grievance procedure." [ECF No. 1, PageID 45]. But under MDOC's policy directives, Hankins' exclusive avenue for challenging the results of his Class III misconduct hearing was to file an appeal. MDOC

Policy Directive 03.03.105,[1] ¶¶ VVV-WWW (outlining procedure for Class III misconduct appeals); MDOC Policy Directive 03.02.130,[2] ¶ F(4) ("Decisions made in minor misconduct hearings" are non-grievable). Though Hankins pleaded guilty to misconduct, he appealed the sanctions and the process by which they were imposed. [ECF No. 1, PageID 50]. Defendants do not address the misconduct hearing appeal, whether it was sufficient to exhaust Hankins' administrative remedies, or whether any part of Hankins' complaint was grievable despite Policy Directive 03.03.130, ¶ F(4). Therefore, issues of material fact regarding whether Hankins' exhausted the available administrative remedies remain. *See Marr v. Fields*, No. 1:07-CV-494, 2008 WL 828788, at *7 (W.D. Mich. Mar. 27, 2008) (summary judgment denied when plaintiff appealed misconduct charge, alleging a retaliatory motive, and when evidence suggested that grievance related to misconduct hearing would be rejected).

       Hankins claims are nonetheless without merit.

---

[1] *See* http://www.michigan.gov/documents/corrections/0303105_493411_7.pdf
[2] *See* http://www.michigan.gov/documents/corrections/03_02_130_200872_7.pdf

**B.**

Hankins' complaint alleges that, due to defendants' alleged constitutional violations, he was penalized with five days of top lock and a seven-day loss of privileges, resulting in him losing inmate pay. [ECF No. 1, PageID 46-47]. In response to defendants' motion for summary judgment, Hankins attempts to add a claim that he lost good-time credits. [ECF No. 22, PageID 137]. But under MDOC's policy, a prisoner can lose good time credits only for Class I misconduct, not for Class II or Class III misconduct. *Sean Dedric Roden, v. Robert Hansen*, No. 2:17-CV-9, 2017 WL 3205765, at *3 (W.D. Mich. July 28, 2017) (citing MDOC Policy Directive 03.03.105, ¶ AAAA).

Hankins' specific sanctions are important because a prisoner must first allege the existence of a protected liberty or property interest in order to state a claim for a violation of procedural due process. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). A prisoner has no protected liberty interest for penalties that do not impose an "atypical, significant hardship in which a State might conceivably create a liberty interest." *Sandin v. Conner*, 515 U.S. 472, 486 (1995). Short-term penalties of top lock and loss of privileges do not equate to an atypical or significant hardship. *Green v. Waldren*, 221 F.3d 1334 (6th Cir. 2000) (unpublished) (two-day

sentence of top lock not atypical); *Ingram v. Jewell*, 94 F. App'x 271, 273 (6th Cir.2004) (loss of privileges for 14 days did not deprive prisoner of liberty interest).

Hankins also attempts to assert a First Amendment retaliation claim. He must show: (1) he was engaged in conduct protected by the First Amendment; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that protected conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). Hankins does not allege that he engaged in conduct protected by the First Amendment; he alleges only that his misconduct sanctions were in retaliation for an ongoing feud between him and Woodard. [ECF No. 1, PageID 46]. And the short term top lock and lost privileges would not deter a person of ordinary firmness from engaging in protected conduct. *Ingram*, 94 F. App'x at 273. Regarding the third factor, the Sixth Circuit imposes a "high burden"; there must be some evidence of retaliatory motive and conclusory allegations are insufficient. *Hill v. Lappin*, 630 F.3d 468, 475–76 (6th Cir. 2010). This high burden is necessary because "[r]etaliation claims by prisoners are prone to abuse since prisoners can claim retaliation for every decision they dislike." *Graham v. Henderson*, 89 F.3d 75, 79 (2d

Cir.1996) (citation and internal quotation marks omitted). Hankins neither alleges facts nor provides evidence that would satisfy the motivation factor. In a conclusory manner, his complaint states that it is his "assertion" that Woodard's adverse action was due to the alleged ongoing feud. [ECF No. 1, PageID 47]. For these reasons, he cannot sustain his retaliation claim.

Hankins' complaint also refers to the Eighth Amendment and "deliberate indifference," but he does not allege that he was ever subjected to a substantial risk of serious harm, so his Eighth Amendment claim is inapposite. *Farmer v. Brennan*, 511 U.S. 825 (1994).

Because Hankins has not established that defendants violated any of his constitutional rights, defendants are entitled to qualified immunity. *Estate of Carter v. City of Detroit*, 408 F.3d 305, 311 (6th Cir. 2005).

## C.

Hankins' motion for preliminary injunction requires the Court to weigh (1) whether he has a strong likelihood of success on the merits; (2) whether he would suffer irreparable harm without the requested relief; (3) whether issuance of the temporary restraining order or preliminary injunction would cause substantial harm to others; and (4) whether the requested relief would serve the public interest. *Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 760 (6th Cir. 2005). But Hankins' motion does not address these factors,

[ECF No. 24], and he cannot show that he has a strong likelihood of success on the merits for the reasons stated above. His motion for preliminary injunction should therefore be denied.

III. CONCLUSION

The Court thus **RECOMMENDS** that defendants' motion for summary judgment **[ECF No. 19]** be **GRANTED**, and that Hankins' motion for preliminary injunction **[ECF No. 24]** be **DENIED**.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: August 4, 2017

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of*

*HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 4, 2017.

                                     s/Marlena Williams
                                     MARLENA WILLIAMS
                                     Case Manager